# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GINGER PATTON, | : | |
|     Plaintiff | : | No. 3:16-CV-2533 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| NANCY A. BERRYHILL,[1] | : | |
| Acting Commissioner of Social Security, | : | |
|     Defendant | : | |

## **MEMORANDUM**

**Background**

On December 22, 2016, Plaintiff, Ginger Patton, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income under Title XVI of the Social Security Act. (Doc. 1). On March 1, 2017, Defendant filed an Answer and Transcript. (Docs. 7 and 8). On April 11, 2017, Plaintiff filed a brief in support of the complaint. (Doc. 9). On June 9, 2017,

---

[1] Nancy A. Berryhill became the new Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Defendant filed a brief in opposition. (Doc. 13). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Martin C. Carlson on October 12, 2017, recommending that the appeal be denied, the decision of the Commissioner be affirmed, final judgment be entered in favor of Defendant and against Plaintiff, and the Clerk of Court be directed to close this matter. (Doc. 15). No objections have been filed, and the matter is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted in part.

**<u>Standard of Review</u>**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under <u>de novo</u> or any other standard. <u>Thomas v. Arn</u>, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987), <u>writ denied</u> 484 U.S. 837 (1987); <u>Garcia v. I.N.S.</u>, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public

reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Initially, the Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the Sequential Evaluation Process used by an administrative law judge to determine whether the claimant is disabled, which are herein adopted as such.  (Doc. 15, pp. 7-12).  The Magistrate Judge also reviews the medical records and the ALJ's decision, also herein adopted as such.  (Id. at pp. 4-7).  Ultimately, Magistrate Judge Carlson determines that the ALJ's decision that Plaintiff's impairments did not meet any Impairments Listings at Step Three and that the ALJ's RFC determination that Plaintiff could perform light work with some limitations are supported by substantial evidence and recommends that this Court affirm the decision of the Commissioner.  (Id. at pp. 13-20).

Neither party having objected to the Magistrate Judge's recommendations, this Court has the duty to review the R&R for clear error.  Upon review of the administrative record and the R&R, Court finds no clear error with the R&R's recommendation that substantial evidence supports the ALJ's decision at Step Three.  However, there is clear error with the R&R's recommendation that the

ALJ's RFC determination is supported by substantial evidence because, in determining Plaintiff could perform light work, and thus lift and/ or carry up to twenty (20) pounds, the ALJ effectively rejected the only medical opinion of record regarding the amount of weight Plaintiff could lift and/ or carry, which was ten (10) pounds, and seemingly substituted his own opinion for that of the medical opinion provided. (Tr. 18).

The responsibility for deciding a claimant's RFC rests with the administrative law judge. See 20 C.F.R. § 404.1546. The Court recognizes that the residual functional capacity assessment must be based on a consideration of all the evidence in the record, including the testimony of the claimant regarding her activities of daily living, medical records, lay evidence, and evidence of pain. See Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 121-122 (3d Cir 2000). The Commissioner's regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairments(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. §404.1527(a)(2). Regardless of its source, the ALJ is required to evaluate every medical opinion received. See 20 C.F.R. §404.1527(c).

4

In arriving at the RFC, an administrative law judge should be mindful that the preference for the treating physician's opinion has been recognized by the Third Circuit Court of Appeals and by all of the federal circuits. See, e.g., Morales v. Apfel, 225 F.3d 310, 316-18 (3d Cir. 2000). This is especially true when the treating physician's opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged time." Morales, 225 F.3d at 317; Plummer, 186 F.3d at 429; see also 20 CFR § 416.927(d)(2)(i)(1999) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

However, when the treating physician's opinion conflicts with a non-treating, non-examining physician's opinion, the ALJ may choose whom to credit in his or her analysis, but "cannot reject evidence for no reason or for the wrong reason." Morales, 225 F.3d 316-18. It is within the ALJ's authority to determine which medical opinions he rejects and accepts, and the weight to be given to each opinion. 20 C.F.R. § 416.927. The ALJ is permitted to give great weight to a medical expert's opinion if the assessment is well-supported by the medical evidence of record.

Pursuant to SSR 96-6p, an administrative law judge may only assign less

5

weight to a treating source opinion based on a non-treating, non-examining medical opinion in "appropriate circumstances." SSR 96-6p, 1996 SSR LEXIS 3. This regulation does not define "appropriate circumstances," but gives an example that "appropriate circumstances" exist when a non-treating, non-examining source had a chance to review "a <u>complete case record</u> . . . which provides more detailed and comprehensive information than what was available to the individual's treating source." <u>Id.</u> (emphasis added).

Regardless of what weight an administrative law judge affords to medical opinions, the administrative law judge has the duty to adequately explain the evidence that he or she rejects or affords lesser weight. <u>Diaz v. Comm'r of Soc. Sec.</u>, 577 F.3d 500, 505-06 (3d Cir. 2009). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." <u>Burnett v. Comm'r of Soc. Sec.</u>, 220 F.3d 112, 119-20 (3d Cir. 2000).

Additionally, in choosing to reject the evaluation of a treating physician, an ALJ may not make speculative inferences from medical reports and may reject the treating physician's opinions outright only on the basis of contradictory medical evidence. <u>Morales</u>, 225 F.3d at 316-18. An ALJ may not reject a written medical opinion of a treating physician based on his or her own credibility judgments, speculation or lay opinion. <u>Id.</u> An ALJ may not disregard the medical opinion of

6

a treating physician based solely on his or her own "amorphous impressions, gleaned from the record and from his evaluation of the [claimant]'s credibility." Id. As one court has stated, "Judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often [incorrect]." Schmidt v. Sullivan, 914 F.2d 117, 118 (7th Cir. 1990).

Rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant. See Doak v. Heckler, 790 F.2d 26, 29 (3d Cir. 1986) ("No physician suggested that the activity Doak could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence."); 20 C.F.R. § 404.1545(a).

As two commentators have explained:

> Sometimes administrative law judges assert that they - and not physicians - have the right to make residual functional capacity determinations. In fact, it can reasonably be asserted that the ALJ has the right to determine whether a claimant can engage in sedentary, light, medium, or heavy work. The ALJ should not assume that physicians know the Social Security Administration's definitions of those terms. However, the underlying determination is a medical determination, i.e., that the claimant can lift five, 20, 50, or 100 pounds, and can stand

> for 30 minutes, two hours, six hours, or eight hours. That determination must be made by a doctor. Once the doctor has determined how long the claimant can sit, stand or walk, and how much weight the claimant can lift and carry, then the ALJ, with the aid of a vocational expert if necessary, can translate that medical determination into a residual functional capacity determination. Of course, in such a situation a residual functional capacity determination is merely a mechanical determination, because the regulations clearly and explicitly define the various types of work that can be performed by claimants, based upon their physical capacities.

Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 287-88 (2011) (emphasis added). The administrative law judge cannot speculate as to a claimant's residual functional capacity, but must have medical evidence, and generally a medical opinion regarding the functional capabilities of the claimant, supporting his or her determination. Doak, 790 F.2d at 29 ; See Snyder v. Colvin, 2017 U.S. Dist. LEXIS 41109 (M.D. Pa. March 22, 2017) (Brann, J.) ("I find that substantial evidence does not support the ALJ's ultimate determination. The ALJ's decision to discredit, at least partially, every opinion of every medical doctor's RFC assessment of Snyder left the ALJ without a single medical opinion to rely upon in reaching a RFC determination. 'Rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant.' Maellaro v. Colvin, Civ. No. 3:12-01560, 2014 U.S. Dist. LEXIS

84572, 2014 WL 2770717, at *11 (M.D. Pa. June 18, 2014)."); Wright v. Colvin, 2016 U.S. Dist. LEXIS 14378, at *45-46 (M.D. Pa. Jan. 14, 2016) (Rambo, J.) ("Chandler stated that an ALJ need not obtain medical opinion evidence and was not bound by any treating source medical opinion. Id. However, both these statements are dicta. In Chandler, the ALJ had medical opinion evidence and there was no contrary treating source opinion. Id. '[D]ictum, unlike holding, does not have strength of a decision 'forged from actual experience by the hammer and anvil of litigation.' . . . the only precedential holding in Chandler is the unremarkable finding that an ALJ may rely on a state agency medical opinion that the claimant is not disabled when there are no medical opinions from treating sources that the claimant is disabled. See Chandler, 667 F.3d at 361-63. . . . Consequently, with regard to lay reinterpretation of medical evidence, Frankenfield, Doak, Ferguson, Kent, Van Horn, Kelly, Rossi, Fowler and Gober continue to bind District Courts in the Third Circuit."); Washburn v. Colvin, 2016 U.S. Dist. LEXIS 144453 (M.D. Pa. Oct. 19, 2016) (Conner, J.); Maellaro v. Colvin, 2014 U.S. Dist. LEXIS 84572, at *32-34 (M.D. Pa. June 18, 2014) (Mariani, J.) ("The ALJ's decision to reject the opinions of Maellaro's treating physicians created a further issue; the ALJ was forced to reach a residual functional capacity determination without the benefit of any medical opinion.

9

Rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant. *See Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986) ("No physician suggested that the activity [the claimant] could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence."). *See also Arnold v. Colvin*, 3:12-CV-02417, 2014 U.S. Dist. LEXIS 31292, 2014 WL 940205, at *4 (M.D. Pa. Mar. 11, 2014); *Gormont v. Astrue*, 3:11-CV-02145, 2013 U.S. Dist. LEXIS 31765, 2013 WL 791455, at *7 (M.D. Pa. Mar. 4, 2013); *Troshak v. Astrue*, 4:11-CV-00872, 2012 U.S. Dist. LEXIS 137945, 2012 WL 4472024, at *7 (M.D. Pa. Sept. 26, 2012). The ALJ's decision to discredit, at least partially, every residual functional capacity assessment proffered by medical experts left her without a single medical opinion to rely upon. For example, three physicians opined that Maellaro was limited in some way in his ability to stand and/or walk: Dr. Dittman opined that Maellaro could stand/walk for less than one hour, Dr. Singh believed that Maellaro could stand/walk for fewer than two hours, and Dr. Dawson opined that Maellaro could not stand or walk for any length of time. Tr. 183, 211, 223. In rejecting these three opinions, there were no other medical opinions upon which the ALJ could base her decision that Maellaro

essentially had no limitations in his ability to stand or walk.  Tr. 283. Consequently, the ALJ's decision to reject the opinions of Drs. Singh and Dawson, and the ALJ's determination of Maellaro's residual functional capacity, cannot be said to be supported by substantial evidence."); Gunder v. Astrue, Civil No. 11-300, slip op. at 44-46  (Doc. 10) (M.D. Pa. Feb. 15, 2012) (Conaboy, J.) ("Any argument from the Commissioner that his administrative law judges can set the residual function capacity in the absence of medical opinion or evidence must be rejected in light of Doak.  Furthermore, any statement in Chandler which conflicts (or arguably conflicts) with Doak is *dicta* and must be disregarded.  Government of Virgin Islands v. Mills, 634 F.3d 746, 750 (3d Cir. 2011)(a three member panel of the Court of Appeals cannot set aside or overrule a precedential opinion of a prior three member panel). "); Dutton v. Astrue, Civil No. 10-2594, slip op. at 37-39 (Doc. 14) (M.D. Pa. Jan. 31, 2012) (Munley, J.); Crayton v. Astrue, Civil No. 10-1265, slip op. at 38-39 (Doc. 17) (M.D. Pa. Sept. 27, 2011) (Caputo, J.).

     In light of these precedential opinions, and upon review of the administrative record, it is determined that the decision of the Commissioner is not supported by substantial evidence because the ALJ made speculations and inferences based on the medical evidence, and did not rely on any medical opinion in arriving at the conclusion that Plaintiff could perform light work, which

involves occasionally lifting twenty (20) pounds. In arriving at the RFC determination, the ALJ stated the following:

> Since she reported lower back pain for a good portion of time following her alleged onset date, she is limited to light work, which in effect, includes lifting no more than 20 pounds occasionally. Since records shortly after her back surgery by her specialists show an excellent recovery, the undersigned is not persuaded that she is currently limited to less than sedentary work [as opined by the state agency physician].

(Tr. 18). Because the only medical opinion of record, which is that of state agency physician Kurt Maas, M.D., limits Plaintiff to sedentary work, and more important, to lifting and/ or carrying ten (10) pounds at most, the ALJ seemingly reinterpreted the medical evidence in arriving at the conclusion that Plaintiff could lift and/ or carry twenty (20) pounds. The fact that the ALJ is not "persuaded" by the <u>medical opinion</u> due to <u>medical evidence</u> that Plaintiff was doing well post-surgery does not mean that the RFC determination is supported by substantial evidence, especially regarding the weight restrictions as opined by Dr. Maas. This Court cannot ascertain from the analysis conducted by the ALJ how that decision-maker was able to determine a residual functional capacity in the absence of any medical opinion whatsoever regarding Plaintiff's limitations involving weight restrictions. The very definition of "light work" found in 20 C.F.R. § 416.967(b) makes it all the more important that this case be remanded, for this regulation is as follows:

> Light work involves lifting no more than <u>20 pounds </u>at a time

12

with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (emphasis added). The fact that the ALJ did not give weight to any opinion involving the weight restrictions, but rather seemingly reinterpreted the medical evidence in arriving at the RFC determination that Plaintiff could lift and/ or carry twenty (20) pounds, goes to support the conclusion that the ALJ's RFC determination is not supported by substantial evidence. See Snyder, 2017 U.S. Dist. LEXIS 41109 at *13-14 (Brann, J.) ("The ALJ failed to point to any specific medical evidence that would support a contrary opinion on Snyder's standing/walking capabilities, and as a result, it appears that the ALJ was forced to reach a RFC determination without the benefit of any medical opinion. Accordingly, the ALJ's conclusion is not supported by substantial evidence."). Therefore, because the ALJ's RFC determination that Plaintiff could perform light work and lift and/ or carry up to twenty (20) pounds is not supported by substantial evidence as it was a determination made in the

13

absence of a supporting medical opinion and was based on reinterpretation of the <u>medical evidence</u>, the portion of the R&R that recommends that the ALJ's RFC determination be affirmed will not be adopted.  Furthermore, pursuant to 42 U.S.C. § 405(g), the appeal will be granted and this matter will be remanded to the Commissioner.

**CONCLUSION**

Based upon a thorough review of the evidence of record and in reviewing the R&R for clear error, the Report and Recommendation, (Doc. 15), will be adopted in part regarding the recommendation that the ALJ's Step Three determination is supported by substantial evidence and will not be adopted in part regarding the recommendation that the RFC determination is supported by substantial evidence.  Accordingly, because the RFC determination is not supported by substantial evidence, it is determined that the Commissioner's decision is not supported by substantial evidence.  Therefore, pursuant to 42 U.S.C. § 405(g), the appeal will be granted, the decision of the Commissioner will be vacated, judgment will be entered in favor of Plaintiff and against Defendant, and the matter will be remanded to the Commissioner of the Social Security Administration.

A separate Order will be issued.

**Date:** October 27, 2017                                                           **/s/ William J. Nealon**
                                                                                                          **United States District Judge**